UNITED STATES, Appellee

v

ROBERT R. JACKSON, Private First Class, U. S. Army, Appellant

15 USCMA 431, 35 CMR 403

No. 18,385

June 18, 1965

Captain Clifford B. Hearn, Jr., argued the cause for Appellant, Accused. With him on the brief were Colonel Joseph L. Chalk and Lieutenant Colonel Jacob Hagopian.

Captain Richard J. Andriolo argued the cause for Appellee, United States. With him on the brief were Colonel Edwin G. Schuck, Lieutenant Colonel Francis M. Cooper, and Captain William M. Brown.

## Opinion of the Court

FERGUSON, Judge:

Having pleaded guilty before a general court-martial to charges of desertion and absence without leave, in violation, respectively, of Uniform Code of Military Justice, Articles 85 and 86, 10 USC §§ 885, 886, the accused was duly convicted and sentenced to dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for thirty months, and reduction. Intermediate appellate authorities, reducing the adjudged confinement to eighteen months, have affirmed, and we granted accused's petition for review upon the issue whether the law officer's instructions to the court members concerning their deliberations on sentence, given before they retired, were coercive and exceeded the limits laid down by the Supreme Court in Allen v United States, 164 US 492, 41 L ed 528, 17 S Ct 154 (1896).

The instruction is as follows:

"The court is advised that my instructions must not be interpreted as indicating an opinion as to the kind or amount of punishment which should be adjudged, for you alone are responsible for determining an appropriate sentence in this case. In this regard, you may consider all matters in extenuation and mitigation, as well as those in aggravation. Now, the nature and duration of the pretrial restraint, and the fact that the accused has pleaded guilty, are both matters in mitigation which should be considered. Time, effort, and expense to the Government usually are saved by a plea of guilty.

"Now, your discussion as to what constitutes a proper sentence should be full and free. Each member should listen with a disposition to being convinced to the opinions and arguments of the others. It is not intended that a member should go to the deliberation room with a fixed determination that the sentence shall coincide with his then held view of what constitutes an appropriate sentence. No member should close his ears to the arguments of other members who are equally honest and intelligent with himself.

"Now, when the court has completed its discussion, any member who desires to propose a sentence will write his proposal on a slip of paper. The junior member will collect the proposed sentences and submit them to the president. The court will then vote by secret written ballot on the proposed sentences, beginning with the lightest, until a sentence is adopted by the concurrence of the required number of members, in this case, six. The junior member shall in each case collect and count the votes. The count shall be checked by the president, who shall forthwith announce the result of the ballot to the members.

"Now, you must not vote in favor of any sentence that you believe to be too harsh. Thus, if your proposal was the first one voted on and it was not adopted, you must not vote in favor of the second proposed sentence unless you are then convinced that such proposed sentence is appropriate."

The questioned advice, except that it deals with deliberation and voting on sentence rather than findings, is substantially the same as that involved in United States v Gilmore, 15 USCMA 428, 35 CMR 400, this day decided. For the reasons set forth in that case and in United States v Jones, 14 USCMA 177, 33 CMR 389, we find it neither coercive nor violative of the doctrine in Allen v United States, supra.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge KILDAY concur.